UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHARON L. ORTEGA,** *et al.*,

    Plaintiffs,

  v.                                                  **CIV NO. 02-474 DJS/RHS**
                                                         **cons. w/ Civ. 03-76**

**HERRERA COACHES, INC.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court upon Plaintiff's Motion for Summary Judgment on Liability filed September 3, 2003 (Docket No. 29), Defendant's Cross-Motion for Summary Judgment on Liability as to Plaintiff's Ortega, Craft, Encinias and Urioste filed September 8, 2003 (Docket No. 31), Plaintiffs Segura, Cook and Sandoval's Motion for Summary Judgment filed September 15, 2003 (Docket No. 38), Plaintiffs' Motion to Strike Defendant's Response to Motion for Summary Judgment on Liability filed September 18, 2003 (Docket No. 43), Defendant's Cross-Motion for Summary Judgment as to Plaintiff's Pacheco, Segura, Cook and Sandoval filed October 6, 2003 (Docket No. 52), and Defendant's Motion for Summary Judgment as to Plaintiff's McMullen, Barraza, Mercado and Darnell filed October 6, 2003 (Docket No. 57). Briefing was completed with regard to the last of the above motions on October 6, 2003. The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

1

This action is a suit for damages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). Defendant is a New Mexico corporation which operates a bus service for both interstate shuttle purposes and for intrastate tours and transportation. Plaintiffs all worked for Defendant as drivers. Plaintiffs contend that they worked over forty hours per week from the time period between 1999 and 2002, but were not paid overtime compensation as required by the FLSA. Plaintiffs assert that they worked as shuttle bus drivers shuttling workers from a parking lot to a construction and manufacturing site for Intel Corporation in Rio Rancho, New Mexico, a trip of one mile. Defendant argues that Plaintiffs are exempt from overtime compensation based on the Motor Carrier Act exemption to overtime under the FLSA found at 29 U.S.C. §213(6)(1).

The plaintiffs in this action comprise two groups. Not only does this action stem from the two original lawsuits which were consolidated by the Court's Order of April 9, 2003 (Docket No. 19), but some Plaintiffs engaged in interstate driving, while others did not. Plaintiffs Clyde McMullen, Bernardo Barraza, Mario Mercado, Bill Darnell, Bobbie Craft, and Linda Urioste comprise one group of plaintiffs. These plaintiffs all engaged in both shuttle work and some interstate transport. Plaintiffs Porfidio Pacheco, Ron Segura, Robert Cook, Margaret Sandoval, Sharon Ortega, and Conrad Encinias comprise another group of plaintiffs. These individuals worked as shuttle-bus drivers for Defendant but never crossed state lines in the course of those duties.

**STANDARD OF LAW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979). In this instance, each party contends that it is entitled to summary judgment based upon the pleadings submitted to the Court.

**SUMMARY JUDGMENT- DISCUSSION**

Plaintiffs argue that they do not significantly participate in interstate commerce and that the majority of their time is spent on shuttling passengers from a parking lot to a factory, which activity should characterize their jobs for the purpose of the FLSA. In Morris v. McComb, 332 U.S. 422, 434, 437 (1947), the Supreme Court held that employees were exempt from the overtime provision of the FLSA even though only three to four percent of their time was devoted to services in interstate commerce. Nonetheless, lesser, *de minimis* involvement in interstate commerce will not qualify an employee for the overtime exemption. Pyramid Motor Freight Corp. V. Ispass, 330 U.S. 695, 707-708 (1947). The Tenth Circuit Court of Appeals has affirmed that it is the character of employees' activities, rather than the proportion of those activities in interstate commerce which is the relevant factual issue in determining whether the Motor Carrier Exemption applies. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1025-26 (10th Cir. 1992) (citations omitted).

Under the circumstances before this Court, the fact that all of Plaintiffs drive vehicles on

public roads or highways cuts against finding *de minimis* involvement in interstate commerce. See Jones v. Centurion Investment Assoc., Inc., 268 F.Supp.2d 1004, 1010-1011 (N.D.Ill. 2003). As noted in that case, courts have repeatedly found that those who drive vehicles perform a variety of functions relating to the safety of the vehicle and of highways. Id. In contrast, Pyramid Motor Corp., *supra*, found *de minimis* involvement in interstate commerce where workers were involved in loading goods onto trucks, rather than driving. Id.

Defendant contends that Plaintiffs were subject to Department of Transportation (DOT) regulations and requirements. In addition, Defendant asserts that Plaintiffs transported passengers from the Albuquerque International Airport to the Intel facility and that an unknown number of the passengers transported from the parking lot to the Intel facility arrived at that lot from the airport, thereby providing a connection to interstate commerce.

Plaintiffs contest Defendant's contention regarding DOT regulations. Plaintiffs Pacheco, Segura, Cook, Sandoval, McMullen, Barraza, Mercado, and Darnell[1] submitted affidavits in which they asserted that they were not provided with any DOT forms or logbooks while driving the shuttle

---

[1] Review of the briefs indicates that Plaintiffs Ortega, Craft, Encinia, and Urioste contest this contention as well, though no affidavits have been filed due to a procedural error by their attorney. As the first paragraph of this Opinion shows, briefing in this case has been extremely unwieldy and complicated. This circumstance is further demonstrated by the fact that counsel for Plaintiffs Ortega, Craft, Encinias, and Urioste filed a certificate of service (Docket No. 45) of a Response to Defendant's Cross Motion for Summary Judgment (Docket No. 31). Defendant filed a Reply (Docket No. 47) in support of that motion, but Plaintiff' Response has never been filed. The Court speculates that this failure is due to counsel for Plaintiffs Ortega, Craft, Encinias and Urioste overlooking the change in Local Rule 7.1(b) ("failure of a local party to *file* and serve a response to a motion within the time prescribed...constitutes consent to grant the motion") effective July 1, 2002. The failure to file and serve the response was compounded by Defendant's counsel's failure to follow Local Rule 7.3(b) ("In all cases...movant must file a Notice of Completion of Briefing....The Notice...*must identify by date of filing and docket number* ... all briefs and other papers which have been filed relating to that motion"), which would have alerted the parties to the problem.

at Intel, that they were not instructed to obtain or maintain such forms or logbooks, that they had no contact with DOT agents and that they did not comply with DOT regulations while performing that job. Defendant submitted affidavits by Jerry Buckner, its general manager, asserting that all of Defendant's drivers have DOT commercial driving licenses with passenger endorsements and must pass DOT medical certifications. In addition, Buckner states that all drivers are subject to federal motor carrier safety regulations and are required to undergo to drug testing and medical examinations pursuant to those regulations.

      The parties contest facts beyond those pertaining to DOT regulation in the characterization of Plaintiff's work. In a direct conflict with the assertions in Plaintiffs' affidavits, Buckner states that all drivers are told upon hiring that they must drive across state lines. Similarly, affidavits submitted by Plaintiffs aver that drivers for Defendant are segregated by duties and salary into those who undertake interstate coach trips and those who drive intrastate shuttles, while Buckner states that no special training is provided to coach drivers and that all drivers for the company can drive in interstate commerce using any vehicle owned by the company.

      Questions of fact defeat summary judgment in this case. The submissions of the parties leave the Court with a contested issue of fact regarding the application of DOT regulations and practices to Defendant's drivers. Cf. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1026 (10th Cir. 1992)("Both Wichita and its route drivers and supervisors *intended to and did comply* with DOT regulations....") (emphasis added). They also present a contested issue of fact regarding whether Defendant's drivers are segregated into those who generally undertake interstate trips and receive further training for those trips and shuttle bus drivers. Critically, there is a question of fact regarding the extent to which Plaintiffs transported people within the stream of interstate commerce, whether

it be tourists coming from out of state or business travelers headed to or from the Intel plant. See Foxworthy v. Highland Diary Co., 997 F.2d 670, 672 (10th Cir. 1993) ("Transportation within a single state may remain 'interstate' in character when it forms a part of a 'practical continuity of movement' across state lines from the point of origin to the point of destination."). With regard to this latter point, Defendant has demonstrated some connection between Plaintiffs' work and the stream of commerce; however, the varying descriptions of Plaintiffs' duties prevent this Court from determining whether that connection is *de minimis* or meets the low threshold set forth in Morris v. McComb, *supra*. Consequently, summary judgment cannot be granted to either party.

## PLAINTIFFS' MOTION TO STRIKE

Plaintiffs Ortega, Craft, Encinias, and Urioste filed a Motion to Strike (Docket No. 43) Defendant's Response (Docket No. 33) to their Motion for Summary Judgment (Docket No. 29). As grounds for the Motion to Strike, Plaintiffs contend that Defendant's response to the motion was untimely, noting that mere untimeliness of a response is insufficient grounds for granting summary judgment, Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002), but arguing that the sanction is appropriate in this case. However, Plaintiffs' motion for summary judgment was filed on September 3, 2003, while Defendant's response to the motion was filed on September 8, 2003, well within the fourteen days permitted for a response under D.N.M.LR-Civ. 7.6. It is clear from the pleadings that Plaintiffs counsel delayed filing the motion for summary judgment in an attempt to complete a motion "package" in accordance with the local rules of this Court last promulgated on January 1, 1999. However, those rules were revised effective July 1, 2002 and now require that a motion must be filed at the same time it is served upon an opposing party. D.N.M.LR-Civ. 7.3(a). A response must also be both filed and served upon the movant, D.N.M.LR-Civ. 7.1(b), and, once all pleadings are filed,

a Notice of Completion of Briefing is filed and copies of all pleadings are submitted to the Court. D.N.M.LR-Civ. 7.3(b). Under the current rules, Defendant's response to the motion is timely and Plaintiffs' Motion to Strike will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment on liability (Docket No. 29) is denied, Defendant's Cross-Motion for Summary Judgment on Liability as to Plaintiff's Ortega, Craft, Encinias and Urioste (Docket No. 31) is denied, Plaintiffs Segura, Cook and Sandoval's Motion for Summary Judgment (Docket No. 38) is denied, Plaintiffs' Motion to Strike Defendant's Response to Motion for Summary Judgment on Liability (Docket No. 43) is denied, Defendant's Cross- Motion for Summary Judgment as to Plaintiff's Pacheco, Segura, Cook and Sandoval (Docket No. 52) is denied, and Defendant's Motion for Summary Judgment as to Plaintiff's McMullen, Barraza, Mercado and Darnell (Docket No. 57) is denied. Accordingly, this matter will proceed to trial on the merits.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**